IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR53 |
| | ) | |
| v. | ) | |
| | ) | |
| COREY SPIGNER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court pursuant to a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5) (Filing No. 54) filed by defendant Corey Spigner on December 18, 2006. The defendant asserts that a decision by the Third Circuit Court of Appeals,[1] under which a defendant was ordered to be resentenced on the basis that judges were free to disregard the 100:1 crack to powder cocaine ratio in sentencing of a defendant, is appropriate grounds for a finding that his sentence was inequitable and that his conviction should be vacated or his right to appeal reinstated (Motion, ¶¶ 3, 10).

      Rule 60(b)(5) allows the Court to relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Rule 60(b) also provides that the Court may

---

[1] *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006).

relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

In *Gunter*, the Court held that "district courts may consider the crack/powder cocaine differential in the Guidelines as a factor, but not a mandate, in the post-Booker sentencing process." *Gunter*, 462 F.3d at 249.

Recently, the Eighth Circuit Court of Appeals rejected *Gunter*, holding that:

> Congress has elected not to revise the 100:1 quantity disparity between powder cocaine and crack cocaine. The reason for this inaction, whether due to a political stalemate or other legislative grounds, is irrelevant to our inquiry. Our court, as an unelected body, cannot impose its sentencing policy views and dismiss the views of the peoples' elected representatives. The judiciary must defer to Congress on sentencing policy issues.

*United States v. Spears*, 469 F.3d 1166, ____, 2006 U.S. App. LEXIS 29741, at *31 (8th Cir. December 5, 2006). Thus, under Eighth Circuit law, no grounds exist for relief under Fed. R. Civ. P. 60(b). In light of defendant's pro se status, the Court has liberally construed defendant's motion so as to consider whether recharacterization of this motion as a motion brought under 28 U.S.C. § 2255 might afford defendant an avenue of relief. Such a recharacterization would not benefit the defendant as this motion was filed outside of the one-year period

in which a § 2255 motion may be timely filed.[2]  Therefore, defendants motion for relief from judgment will be denied.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 4th day of January, 2007.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                  LYLE E. STROM, Senior Judge
                  United States District Court

---

[2]  The amended judgment was entered on October 17, 2005. Spigner did not appeal the amended judgment rendering the amended judgment final ten days after it was entered.  Under the AEDPA, Spigner then had one year in which to file a motion under § 2255. The present motion is considered filed as of December 12, 2006, under the prison mailbox rule.  *Houston v. Lack*, 487 U.S. 266 (1988), and the motion was filed more than one year after the amended judgment was final.